14 F.3d 599
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John E. WHITE, d/b/a White & White Law Offices, P.C.,
Plaintiffs-Appellants,
v.
TRW REAL ESTATE LOAN SERVICES, INCORPORATED, Defendant-Appellee.
 No. 93-1335.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 30, 1993.
Decided Dec. 22, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. William B. Traxler, Jr., District Judge.
 Boyce Michael Brackett, Sherill & Rogers, P.C., Columbia, SC, for appellant.
 Arthur Camden Lewis, Lewis, Babcock & Hawkins, Columbia, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Two attorneys, John E. White, Jr. and S. Craig White (White & White), appeal the district court's grant of summary judgment to TRW Real Estate Loan Services, Inc. (TRW). We affirm the district court's judgment that TRW's preparation of property reports for third parties does not constitute the unauthorized practice of law.
 
 I.
 
 2
 TRW is an Ohio corporation that conducts business nationwide and operates in South Carolina. TRW is in the business of preparing and selling property reports, which consist of summaries of information filed in either the office of the Clerk of Court or the Register of Mesne Conveyances (RMC).
 
 
 3
 In drafting a property report, the TRW employee begins with a form provided by TRW, which is completed with information from the public records. The employee looks up the deed to the property using the public land records at the courthouse, and photocopies the deed. The employee then copies the following information onto the form: the names of the last grantor and grantee (owner) of the property as it appears on the deed, the legal description of the property, whether taxes are due and payable, and whether the owner has any liens. The employee then lists, and sometimes photocopies, any mortgages, and also lists the type of the deed as warranty or as quitclaim if such designation appears on the face of the deed. The property reports are neither prepared by nor reviewed by a licensed attorney.
 
 
 4
 The purchasers of these property reports are typically lending institutions with underwriting guidelines which allow them to close certain mortgage loans without hiring an attorney. The loans are generally smaller loans used to refinance an existing loan or a second mortgage. Damages for any inaccuracies in the property report are limited to the price of the report, unless the purchaser decides to pay an extra fee, which would allow recovery up to $30,000. TRW warrants only that the information has been accurately reported from the public records.
 
 
 5
 These reports do not trace the property's chain of title. In fact, TRW's employees do not look at any documents other than the most recent conveyance. Although the property report lists liens and any mortgages existing on the property, it does not evaluate the validity or the enforceability of the lien or mortgage, or contain an opinion regarding the legal status or ownership of the property. Finally, the property report is not a title opinion and is not marketed as such. To insure that the buyer does not rely on a property report as a guarantee of title, it contains the following disclaimer:
 
 
 6
 USE OF THE REPORT: This report ... contains information obtained from public land records and TRW Real Estate Loan Services ("TRW") makes no representation or warranty concerning its accuracy other than as specifically set forth below. THIS REPORT IS NOT AN ABSTRACT OR OPINION OF TITLE, TITLE COMMITMENT OR GUARANTEE, OR TITLE INSURANCE POLICY.
 
 
 7
 ....
 
 
 8
 WARRANTY: TRW warrants to you, the customer, that the public land record information contained herein has been accurately reported from public land record sources available as of the effective date of this report.
 
 
 9
 If the lender decides to approve the loan, after completion of the property report, a TRW employee will go to the courthouse to confirm for the lender that the mortgage has been recorded and indexed. However, TRW does not record the mortgage.
 
 II.
 
 10
 The Whites filed this cause of action alleging that TRW was engaged in the unauthorized practice of law in violation of S.C.Code Ann. Secs. 40-5-310, -320 (Law Co-op.1986 & Supp.1992).* TRW removed the case, based on diversity of citizenship, to the United States District Court for the District of South Carolina.
 
 
 11
 After discovery, TRW moved for summary judgment. The district court granted TRW's motion, holding as a matter of law that TRW's preparation and sale of property reports did not constitute the unauthorized practice of law. The court noted that the property reports prepared by TRW are summaries of information found in the public land records, and that no legal analysis, reasoning, or conclusion was necessary in preparing the reports. Furthermore, the court found that the lending institutions purchasing the reports have made a business decision to spare the cost of an attorney and to finance a loan based on the public facts contained in the property reports.
 
 III.
 
 12
 After a de novo review of the record in this case with the benefit of the parties' briefs and oral arguments, we agree with the reasoning of the district court and hold that under State v. Buyers Service Co., 357 S.E.2d 15 (S.C.1987), TRW's activities do not constitute the unauthorized practice of law. Accordingly, we affirm.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Whites also alleged in their initial complaint that TRW was unlawfully soliciting legal business in violation of S.C.Code Ann. Secs. 40-5-350 (Law. Co-op.1986), and that TRW's activities violated the South Carolina Unfair Trade Practices Act, S.C.Code Ann. Secs. 39-5-10 to -160 (Law. Co-op 1976). They did not appeal the district court's denial of these claims